UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARCHIE R. HUTCHINSON,

                Petitioner,

                                       CASE NO. 05-CV-70134-DT

v.                                  HONORABLE LAWRENCE P. ZATKOFF

MICHIGAN PAROLE BOARD,

                Respondent.
_____/

**ORDER OF DISMISSAL**

This matter is pending before the Court on petitioner Archie Hutchinson's application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges decisions made by the Michigan Parole Board. Because Petitioner has been released on parole, the Court has concluded that Petitioner's claims are moot.

**I. Background**

Petitioner's criminal history includes several convictions, but on August 22, 2002, he was released on parole. He was arrested about a month later, and on October 23, 2002, he pleaded guilty to violating a condition of parole by associating with a known felon. On November 12, 2002, two members of the Michigan Parole Board revoked Petitioner's parole and ordered him to return to prison for twelve months. In 2003 and in 2004, the Parole Board reviewed Petitioner's case and ordered Petitioner to remain incarcerated.

Petitioner challenged the revocation of parole and the Parole Board's continuances in a state court complaint for the writ of habeas corpus. The state circuit court dismissed his complaint, and both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal.

On January 13, 2005, Petitioner filed his federal habeas corpus petition, alleging the following grounds for relief:

I.    Respondent Michigan Parole Board's standard parole condition which forbids association with a known felon, overly impinges upon Petitioner's First Amendment right to freedom of intimate association and right to privacy in matters of dating, marriage and procreation as it is not reasonably related to the dual goals of rehabilitation and protection of the public.

II.    Respondent Michigan Parole Board's issuance of multiple terms of punishment for the single alleged violation of a condition of Petitioner's parole is a violation of the Double Jeopardy Clause to the United States Constitution and was a denial of specific performance of a plea.

III.    Respondent Michigan Parole Board denied Petitioner a fair, impartial an unbiased decision-maker at his parole revocation proceedings when the assigned decision-maker had a personal and professional relationship with a victim of Petitioner's offense for which he was imprisoned.

IV.    Respondent Michigan Parole Board denied Petitioner due process of law when they denied the appointment of counsel at Petitioner's parole revocation proceedings.

On December 6, 2005, Petitioner was released on parole.

## II.  Discussion

Respondent has urged the Court to deny the habeas petition on the merits.  However, Petitioner has been released on parole, and the pending issues no longer satisfy the constitutional requirement of a case or controversy.  "[T]he issues presented are no longer 'live'" and "the parties lack a cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  As the Eleventh Circuit explained in *Al Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001):

If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.  *See, e.g., Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam).  Indeed,

2

dismissal is required because mootness is jurisdictional. *See Florida Ass'n of Rehab. Facilities* [*v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000)] (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("The question of mootness is . . . one which a federal court must resolve before it assumes jurisdiction.")).  "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id*. at 1217 (citing *Hall*, 396 U.S. at 48).

*Id*. at 1336.  In other words, mootness deprives the Court of its power to act, for there is nothing to remedy, even if the Court were disposed to do so.  *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated and evading review, this exception is "narrow," *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1256 (11th Cir.2001), and applies only in "exceptional situations."  *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).  In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration."  *Sierra Club v. Martin*, 110 F.3d 1551, 1554 (11th Cir.1997) (emphasis added).  The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.

*Al Najjar*, 273 F.3d at 1336.

Petitioner complains about the Michigan Parole Board's decisions to send him back to prison for a technical violation of parole and to keep him incarcerated.  The Court cannot offer Petitioner any meaningful relief, because he has been released once again on parole.  Therefore, Petitioner's claims are moot.  This case does fall within the exception to mootness, because the disputed decisions are not likely to be  repeated and to evade review.  Furthermore, courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer*, 523 U.S. at 18.  Consequently, Petitioner's claims are moot, and the application

for a writ of habeas corpus [Doc. #1, Jan. 13, 2005] is DISMISSED.

3

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 25, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

4